UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| IN RE: STEPHEN D. BLOCK<br>Debtor | : | CHAPTER 7<br>CASE NO. 96-11813 |
| MARK G. DEGIACOMO, CHAPTER 7 TRUSTEE OF THE ESTATE OF STEPHEN D. BLOCK,<br>Plaintiff,<br><br>v.<br><br>STEPHEN D. BLOCK, individually and as Trustee of the Fay B. Block Trust, ROBERT BLOCK, as Trustee of the Fay B. Block Trust, MERRILL LYNCH & CO., INC.<br>Defendants. | : | ADVERSARY PROCEEDING<br>No. 05-1023<br><br>[redacted] 05 318 ML |

**MOTION OF STEPHEN D. BLOCK, INDIVIDUAL AND AS TRUSTEE OF THE FAY B. BLOCK TRUST AND ROBERT BLOCK AS TRUSTEE OF THE FAY B. BLOCK TRUST FOR WITHDRAWAL OF THE REFERENCE UNDER 28 U.S.C. § 157(d) AND FED. R. BANKR. P. 5011**

NOW COME Stephen D. Block, individually and as Trustee of the Fay B. Block Trust and Robert B. Block as Trustee of the Fay B. Block Trust (the "Movants") and hereby move for Withdrawal of the Reference under 28 U.S.C. §157(d) and Fed. R. Bankr. P. 5011 to the United States District Court for the District of Rhode Island.

The basis of the Movants' motion are contained in their Memorandum of Law contemporaneously filed herewith.

Respectfully Submitted,

STEPHEN D. BLOCK, Individually
and as Trustee of the Fay B. Block
Trust and ROBERT BLOCK, as
Trustee of the Fay B. Block Trust

By their Attorneys,

/s/William J. Delaney
William J. Delaney (#3643)
TILLINGHAST LICHT LLP
10 Weybosset Street, Suite 1000
Providence, RI 02903
(401) 456-1200; (401) 456-1210 (fax)
wdelaney@tlslaw.com
Dated: July 2, 2005

**NOTICE**

Within ten (10) days after service of this Motion as evidenced by the certification (twenty (20) days for U.S. Government officers and agencies thereof), and an additional three (3) days pursuant to Fed. R. Bankr. P. 9006(f) if you were served by mail, any party against whom this paper has been served, or any other party to the action who objects to the relief sought herein, shall serve and file an objection or other appropriate response to this paper with the Bankruptcy Court Clerk's Office, 380 Westminster Street, Providence, RI 02903). If no objection or other response is timely filed within the time allowed herein, the paper will be deemed unopposed and will be granted unless: (1) the requested relief is forbidden by law; (2) the requested relief is against public policy; or (3) in the opinion of the Court, the interest of justice requires otherwise.

CERTIFICATION

I hereby certify that a true copy of the within was sent electronically via CM/ECF to Thomas E. Carlotto, Esq. and Mark G. DeGiacomo, Esq. on this 3rd day of July, 2005.

/s/William J. Delaney

@PFDesktop\::ODMA/MHODMA/TLSDMS.TLSLAW.COM;imanage;415285;1

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| In re<br><br>STEPHEN D. BLOCK<br><br>Debtor | ) | Chapter 7<br><br>Case No. 96-11813 |
| MARK G. DIGIACOMO, CHAPTER 7 TRUSTEE OF THE ESTATE OF STEPHEN D. BLOCK<br>Plaintiff,<br><br>v.<br><br>STEPHEN D. BLOCK, individually and as Trustee of the Fay B. Block Trust, ROBERT BLOCK, as Trustee of the Fay B. Block Trust, MERRILL LYNCH & CO., INC.,<br><br>Defendants. | ) | Adv. Pro. No. 05-1023 |

**MEMORANDUM IN SUPPORT OF MOTION OF STEPHEN D. BLOCK AND ROBERT BLOCK FOR WITHDRAWAL OF THE REFERENCE UNDER 28 U.S.C. §157(d) AND FED. R. BANKR. P. 5011**

**Statement of the Case**

On June 5, 1996, Stephen D. Block ("Debtor" or "Block") filed a petition for relief under Chapter 11 of the Title 11 of the United States Code (the "Bankruptcy Code" or "Code").

On the petition date, the Debtor held an expectancy of a one-third beneficial interest in a revocable trust established by his mother, Fay B. Block ("Mrs. Block"). Mrs. Block established the trust on April 13, 1992 (the "Fay Trust") and provided the Debtor with the expectancy of a beneficial interest upon her death. At the time of the Debtor's filing, Mrs. Block was sole

beneficiary and the trustee of the Fay Trust. The Fay Trust was amended five times, including the addition of a spendthrift provision, post-petition.

On June 17, 1996, Marc D. Wallick ("Mr. Wallick") was appointed the Chapter 7 Trustee. On July 9, 1996, Mr. Wallick conducted the Debtor's 341 meeting of creditors.

On January 25, 1998, Mrs. Block passed away. Her passing occurred over a year and a half after the petition date. Upon Mrs. Block's death, the Debtor's brother, Robert Block, received his one-third interest in the Fay Trust and became its co-trustee along with the Debtor. The Debtor and his sister, Lesley Zuckerman, each had a half interest in the remaining assets of the trust.

On July 15, 2004, Mr. Wallick resigned as the Chapter 7 Trustee. On that same day, Marc G. DeGiacomo was appointed Successor Chapter 7 Trustee (the "Successor Trustee").

On April 7, 2005, nearly nine years after the Debtor filed his petition for bankruptcy, the Successor trustee filed its complaint for turnover of the Fay Trust property and for various injunctions preventing the use of the assets (the "Complaint"). [1]

Because the Complaint on its face and in substance alleges claims that will require consideration of non-core issues that necessarily are decided through the consideration of Rhode Island state law, the Debtor, both individually and as co-trustee of the Fay Trust and Robert Block (the "Defendants") have moved for withdrawal of the reference of this adversary proceeding.

---

[1] Turnover is recognized in 11 U.S.C. § 542(a) and provides that:
Except as provided in subsection (c) or (d) of this section, an entity, other than a custodian, in possession, custody, or control, during the case, of property that the trustee may use, sell, or lease under section 363 of this title, or that the debtor may exempt under section 522 of this title, shall deliver to the trustee, and account for, such property or the value of such property, unless such property is of inconsequential value or benefit to the estate.

## Argument

**Doctrine of Laches**

Preliminarily, the entire proceeding is barred by the doctrine of laches. The Successor Trustee has waited over nine years after the Debtor filed for bankruptcy and seven after the death of the Debtor's mother to bring his action for turnover of alleged Debtor property. Although appointed within the last year, the Successor Trustee is bound for determination of laches by the time that the initial Trustee was appointed. *In re Ollada,* 114 B.R. 654, 655 (Bankr. D. Mo. 1990). The appointment of the Successor Trustee is not a basis upon which the time period is restarted. *Id.* The Successor Trustee takes over the case where the first or previous trustee left off. *See In re Missouri River Sand & Gravel Inc.*, 88 Bankr. 1006, 1012 (Bankr. D.N.D. 1988).

There is no statute of limitation for turnover actions under the Bankruptcy Code. *State St. Houses, Inc. v. N.Y. State Urban Dev. Corp. (In re State St. Assocs., L.P.),* 323 B.R. 544, 554 (Bankr. N.D.N.Y. 2005); *In re Bookout Holsteins, Inc.,* 100 B.R. 427, 432 (Bankr. N.D. Ind. 1989); *In re De Berry*, 59 B.R. 891, 898 (Bankr. E.D.N.Y. 1986). Turnover claims are equitable in nature. *See Walker v. Weese*, 286 B.R. 294, 299 (D. Md. 2002) (turnover claims can be "fairly characterized as equitable"); *In re Kabler,* 230 B.R. 525, 526 (Bankr. E.D.N.C. 1999) ("Turnover is an equitable remedy"). Moreover, equitable principles underly the administration of bankruptcy cases. *Bank of Marin v. England,* 385 U.S. 99 (1966); *Pepper v. Litton*, 308 U.S. 295 (1939). As claims grounded in equity, turnover claims are subject to the doctrine of laches. *Adam v. Adam,* 624 A.2d 1093, 1096 (R.I. 1993); *See Algrant v. Evergreen Valley Nurseries Ltd. Partnership,* 126 F.3d 178, 186 n. 3 (3d Cir. 1997) ("An action brought in equity is governed by the doctrine of laches."); *Erkins v. Bryan,* 785 F.2d 1538, 1543 (11th Cir. 1986).

Laches is an equitable defense that involves not only delay but also a party's detrimental reliance on the status quo. *Adam v. Adam,* 624 A.2d 1093, 1096 (R.I. 1993); Grissom v. Pawtucket Trust Co., 559 A.2d 1065 (R.I. 1989). To establish the defensive bar of laches the defendant must establish unreasonable delay and prejudice. *Adam,* 624 A.2d at 1096 ("mere delay alone is not enough, the delay must be unreasonable"); *see also United States Fire Ins. Co. v. Asbestospray, Inc.,* 182 F.3d 201, 208 (3d Cir. 1999) ("The party asserting laches as a defensive bar must establish (1) an inexcusable delay in bringing the action and (2) prejudice."). While statutes of limitations do not directly apply to equitable claims such as the turnover claim, a limitations period on an analogous claim for legal relief is highly relevant to a laches analysis. *Asbestospray, Inc.*, 182 F.3d at 208. If a statutory limitations period for an analogous claim that would bar legal relief has expired, the defendant enjoys the benefit of a presumption of the defensive bar of inexcusable delay and prejudice. *E.E.O.C. v. Great Atlantic & Pacific Tea Co.,* 735 F.2d 69, 80 (3d Cir. 1984). Once the presumption shifts in favor of the defendant, the burden shifts to the trustee to justify its delay and negate prejudice. *Id.*

A turnover claim is closely analogous to a claim by a trustee for an unauthorized post-petition transfer under 11 U.S.C. § 549(a). *Asbestospray, Inc.*, 182 F.3d at 208. Section 549(a) creates a cause of action in a trustee to avoid an unauthorized post-petition transfer of estate property. Section 549(a) claims are subject to the time limitations of § 549(d), which provides that § 549(a) claims "may not be commenced after the earlier of (1) two years after the date of the transfer sought to be avoided; or (2) the time the case is closed or dismissed." 11 U.S.C. § 549(d). Thus, the Third Circuit requires a trustee to justify its delay and negate prejudice to the defendants after a delay greater than two years.

Other courts have used a reasonableness standard to determine the amount of time a trustee could wait to bring a turnover action. *In re* DeBerry, 59 B.R. 891 (Bankr. E.D.N.Y. 1986) ("Good reason and sound practice dictate actions under § 542(a) be commenced within a reasonable period of time.") *See also* Marshack v. Mesa Valley Farms L.P. (In re Ridge II), 158 B.R. 1016, 1020 (Bankr. D. Cal. 1993) (agreeing with reasonable time requirement of *DeBerry*). The court in *DeBerry* determined that the trustee's action for turnover of property four years after a debtor received insurance proceeds was "well beyond any common sense definition of reasonableness." 59 B.R. at 898. Alternatively, the bankruptcy court in the Northern District of New York looked to the state law statute of limitations for the state law claim on which the turnover claim was based. *In re State St. Assocs., L.P.*, 323 B.R. at 554. (no turnover because the six year statute of limitations for breach of fiduciary duty and two year for fraud had expired).

Regardless by which equitable measure the Successor Trustee's delay is judged by this Court, the doctrine of laches prevents the Successor Trustee from bringing the turnover claim. The Successor Trustee's turnover claim was brought nine years after the Debtor filed for bankruptcy protection and seven years after Mrs. Block's death. The delay far exceeds the two-year statute of limitations for the analogous cause of action of avoidance of post-petition transfers. The delay is twice that of the *DeBerry* delay, which the court called "beyond the common sense definition of reasonableness." *DeBerry,* 59 B.R. at 898. Finally, no state law statute of limitations remotely related to the claim of turnover would excuse such a delay by the Successor Trustee. Mr. Wallick learned of the Fay Trust subsequent to the commencement of the Debtor's case and as late as December 24, 1998. Mr. Wallick chose not to pursue any action to bring the Fay Trust into the Debtor's estate. Mr. Wallick even commenced an action under section 722 of the Code against the Debtor on March 16, 1999 but did not include a request for

turnover in the prayer for relief.[2] The Successor Trustee who has stepped into the shoes of Mr. Wallick, therefore, cannot possibly meet his burden of proving excusable delay and the absence of prejudice.

**Standard For Withdrawal Of The Reference**

The United States District Courts have original jurisdiction in all civil proceedings arising under, arising in and/or relating to a bankruptcy case pursuant to 28 U.S.C. §1334(b). Each District Court may provide that any or all of the foregoing proceedings be referred to a bankruptcy court for that District under 28 U.S.C. §157(a). Under 28 U.S.C. § 157(a)(1994), the District Court for the District of Rhode Island has provided that all such proceedings be automatically referred to the Bankruptcy Court. *See* Order Referring Bankruptcy Proceedings, dated July 18, 1984. A district court has discretion to withdraw a proceeding from the Bankruptcy Court pursuant to 28 U.S.C. § 157(d)(1994): "the district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown."[3]

The statute does not define "cause," *see In re Sevko, Inc.,* 143 Bankr. 114, 116 (Bankr. N.D. Ill. 1992), but courts have warned that it "is not an empty requirement." *In re Parklane/Atlanta Joint Venture,* 927 F.2d 532, 536 (11th Cir. 1991). Rather, "the express language and legislative history of § 157(d) make clear that Congress intended to have

---

[2] Moreover, as recently as Monday June 27, 2005, Mr. Wallick testified under oath at a Section 2004 examination in the presence of the Successor Trustee that he believed at the time and still believes that the Debtor has and never had any legal or equitable interest in the Fay Trust under Rhode Island law.

[3] The text of 28 U.S.C. § 157 (d) provides for both mandatory and discretionary withdrawal of the reference:

> The district Court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court shall, on the timely motion of a party so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

28 U.S.C. § 157(d). Because the Complaint of the Successor Trustee involves common law claims and not claims impacting other federal laws, the Defendants do not argue for mandatory withdrawal of the reference. *See In re Comdisco Ventures, Inc.,* 2004 WL 1375353 (N.D. Ill. June 18, 2004)

bankruptcy proceedings adjudicated in the bankruptcy court unless withdrawal was essential to preserve a higher interest." *Zahn v. Yucaipa Capital Fund (In re Almac's),* 202 B.R. 648, 657-660 (D.R.I. 1996) *quoting United States v. Kaplan,* 146 Bankr. 500, 502 (Bankr. D. Mass. 1992).

Permissive withdrawal of the reference is within the sound discretion of the district court and is predicated on timeliness and "cause" shown. "Timeliness is assessed from the time a complaint is filed or from the time the grounds for withdrawing the complaint first become apparent." *In re Almac's,* 202 B.R. at 657 *quoting United States v. Kaplan,* 146 Bankr. at 503. Here the Complaint was filed on April 7, 2005 and the Motion to Withdraw the Reference is filed on July 5, 2005. No major activity has occurred in the case in the intervening period rendering the withdrawal of the reference inconvenient or inappropriate. The Motion to Withdraw, therefore is timely made. *See In re Almac's,* 202 B.R. at 657 (motion to withdraw reference timely made when "merely two months" had passed after the Trustee filed its complaint).

In determining whether "cause" exists to withdraw the reference, the courts have considered several factors, including judicial economy, convenience, a particular court's knowledge of facts, promotion of uniformity of bankruptcy administration, reduction of forum shopping and confusion, conservation of debtor and creditor resources and whether parties requested a jury trial. *See Holland v. America Ins. Co. v. Succession of Roy*, 777 F.2d 992 (5th Cir. 1985); *Kaplan*, 146 B.R. at 503; *In re Almac's, Inc.*, 202 B.R. at 657; *In re Sevko, Inc.*, 143 B.R. 114, 116 (N.D. Ill. 1992). The requisite cause may be found "if one or more of these factors is present." *In re Almac's, Inc.*, 202 B.R. at 657.

The classification of the claims at issue as core or non-core is a pivotal part of the inquiry as to whether cause exists. *In re Almac's,* 202 B.R. at 658. The District Court of Rhode Island looked to the Eighth Circuit's definition of core and non-core proceedings:

> Core proceedings under 28 U.S.C. § 157 are those which arise only in bankruptcy or involve a right created by federal bankruptcy law. Non-core related proceedings are those which do not invoke a substantive right created by federal bankruptcy law and could exist outside of a bankruptcy, although they may be related to a bankruptcy. (citations omitted).

*Id. citing Specialty Mills, Inc. v. Citizens State Bank,* 51 F.3d 770, 773-774 (8th Cir. 1995).

The distinction between core and non-core is significant for purposes of withdrawing a reference, because "it is upon this issue that questions of efficiency and uniformity will turn." *Id. citing In re Orion Pictures Corp.,* 4 F.3d 1095, 1101 (2d Cir. 1993), *cert. dismissed,* 128 L. Ed. 2d 88, 114 S. Ct. 1418 (1994). Applying the standard set forth in *Holland America* and *In re Almac's*, cause exists to warrant withdrawal of the reference because the Successor Trustee's action strictly deals with a non-core claim. *In re Almac's,* 202 B.R. at 657 *quoting United States v. Kaplan,* 146 Bankr. at 504.

**No Basis For Action For Turnover**

Undeniably, an action for turnover is a core action. See 28 U.S.C. § 157(b)(2)(E) and 11 U.S.C. § 542. However, the mere fact that an action is characterized as an action for turnover, does not make it a core claim under the Bankruptcy Code. *Ven-Mar, Inc. v. Hancock (In re Ven-Mar Int'l),* 166 B.R. 191, 192 (Bankr. D. Fla. 1994); *In re Matheney*, 138 Bankr. 541, 546 (Bankr. S.D. Ohio 1992). Turnover proceedings pursuant to section 542 are limited to those where liability on the underlying debt is not disputed. *N. Parent, Inc. v. Cotter & Co. (In re N. Parent, Inc.),* 221 B.R. 609, 626 (Bankr. D. Mass. 1998); *Noonan v. Cellu Tissue Corp. (In re Palmer Trucking Co.),* 201 B.R. 9, 17 n.10. (Bankr. D. Mass. 1996); *Bezanson v. Consol. &*

*Builders (In re P & G Drywall and Acoustical Corp.),* 156 B.R. 704, 706 (Bankr. D. Me. 1993); *see Weiner's Inc. v. T.G. & Y. Stores Co.,* 191 B.R. 30, 32 (S.D.N.Y. 1996) (action to determine amount of a claimed debt that was disputed and unliquidated could not properly be styled as an action to turn over property of the estate). The Eleventh Circuit explained that "Congress envisioned the turnover provision... to apply to tangible property and money due to the debtor without dispute which are fully matured and payable on demand." *In re Charter Co.,* 913 F.2d 1575 (11th Cir. 1990). Moreover, courts have interpreted section 542 to apply to only prepetition transfers of property because section 549 covers post-bankruptcy transfers. *Shuman v. Kashkashian (In re Shuman)*, 277 B.R. 638, 655 (Bankr. E.D.Pa. 2001); *In re Thornton's Millwork, Inc.*, 209 B.R. 645, 647 (Bankr. M.D. Pa. 1997). The Successor Trustee does simply not have the ability to recover the Fay Trust through turnover where a dispute exists between the parties. *In re Ven-Mar Int'l,* 166 B.R. at 192.

The property of the Fay Trust over which the Successor Trustee seeks control is not only disputed as to its characterization as property of the estate but also whether the Debtor had any interest in the property at all. An asset is determined to be estate property by examining the nature of the asset on the date the bankruptcy petition was filed. *See § 541(a)(1); see also Zimmermann v. Spencer (In re Spencer),* 306 B.R. 328, 332 (Bankr. D. Cal., 2004); *In re West,* 64 B.R. 738, 744, n. 12 (Bankr.D.Or.1986), *aff'd,* 81 B.R. 22 (9th Cir. BAP 1987). The existence and nature of the Debtor's interests in property are then determined by nonbankruptcy law. *Butner v. United States*, 440 U.S. 48 (1979); *In re Roth,* 289 B.R. 161, 165 (Bankr. D. Kansas 2003). If state law does not recognize a debtor's interest or rights, the bankruptcy estate acquires none. *In re Gorodess,* 2001 WL 1676939 (D.Colo. Dec. 31, 2001).

At the time of the Debtor's filing, the Debtor simply held the expectancy of a revocable intervivos trust. Mrs. Block was alive and was the trustee and sole beneficiary of the Fay Trust. The Debtor's interest would only become his property upon his mother's death, provided she did not decide to expunge his interest. As settlor, trustee and sole beneficiary, Mrs. Block could have extinguished the Debtor's interest at any time.

The leading case on the question of whether an expectant beneficiary of a revocable trust has a property interest is *Sackett v. Paine*, 46 R.I 439, 128 A. 209 (1925). In that case, the Rhode Island Supreme Court looked at the question of whether a son had property that could be attached by a creditor in a trust in which he only had an expectancy of a beneficial interest. In his will, the grandfather set up a trust that held property for his three children and then provided that each child's share be passed onto his or her lineal descendants. The father, the intestate beneficiary of the trust, was still living at the time the creditor attempted to attach the son's property. The Court concluded that as no living person can have heirs, the son had no property. *Id.* at 445. The bare possibility or mere expectation of an estate is not an interest subject to attachment. *Id.* at 446.

Moreover, the Rhode Island Supreme Court applied the same principle that a mere expectation or bare possibility of acquiring property does not constitute property that can be transferred or levied under the Bankruptcy Act of 1898 (the "Act"). *Luttgen v. Tiffany*, 37 R.I. 416, 434 (R.I. 1915). Section 70 of the Act provided: "[t]he trustee of the estate of a bankrupt . . . shall . . . be vested by operation of law with the title of the bankrupt, as of the date he was adjudged a bankrupt . . . to all . . . (5) property which prior to the filing of the petition he could by any means have transferred or which might have been levied upon and sold under judicial process against him." The debtor had the remainder interest in a trust in which his mother had a

life interest. In other words, the debtor had a future possibility of a contingent interest in the trust provided he outlived his mother. *Luttgen*, 37 R.I. at 430. The court found that the debtor's expectancy was not "property which prior to the filing of the petition he could by any means have transferred or which might have been levied upon and sold under judicial process against him." *Id.* The court found no property interest in the debtor's expectancy because "while the right of enjoyment may be uncertain and contingent, it is necessary that an interest or title of some kind be vested in the bankrupt in order that it may pass by operation of law to the trustee." *Id.* Clearly, the expectation of a beneficial interest is not a property right subject to attachment in Rhode Island and the Debtor's interest in this case is even more remote than the cases cited above. The Debtor's interests could be extinguished both by his death and by his mother expunging his interest.

Courts in other states have reached the same conclusion as the courts in Rhode Island. The court in *Burton v. Ulrich (In re Schmitt)*, 215 B.R. 417, 422 (B.A.P. 9th Cir. 1997) examined both Oregon and California law to determine that a beneficiary has no property right in a revocable trust. Under Oregon law, the beneficiary of a revocable trust does not have a property right. In *Johnson v. Commercial Bank*, 284 Ore. 675, 588 P.2d 1096 (1978), the Oregon Supreme Court held that a settlor of a revocable trust would be treated as owner of the trust, allowing the plaintiff creditor to reach the trust assets to pay her claim. The court reasoned that because the beneficiaries' interests were subject to complete defeasance at any time during the settlor's lifetime if he chose to exercise his right to revoke, the settlor's interest extended to the entire trust. *Id.*

Similarly, under California law the beneficiary has no property interest. In *Empire Properties v. County of Los Angeles*, 44 Cal. App. 4th 781, 786-87 (1996), the court held that for

state property tax reassessment purposes, a change in ownership occurs when the trust becomes irrevocable, not when the trust is created or property is added into the trust. In *Title Ins. & Trust Co. v. McGraw,* 72 Cal. App. 2d 390, 400, 164 P.2d 846 (1945), the court held that beneficiaries of a revocable trust were not indispensable parties to an action by the settlor/trustor to rescind the trust because the beneficiaries "had no present interest in the property and would not have any interest therein until the death of the trustor." Because the Debtor did not have a property interest in the Fay Trust at the time of his filing, the Fay Trust cannot be property of the estate.[4] The Fay Trust cannot therefore be subject to a turnover action by the Successor Trustee.

The Fay Trust is not property of the Debtor's estate, and at the very least, ownership of the Fay Trust is disputed between the parties. Thus the Successor Trustee cannot use section 542 for turnover of the Fay Trust and the action cannot be properly characterized as a "turnover action." Consequently, this is a "non-core" proceeding. *In re Ven-Mar Int'l,* 166 B.R. at 19. Cause therefore exists for withdrawal of the reference.

**Defendants Have A Jury Trial Right**

Prior to the enactment of the Bankruptcy Reform Act of 1994, Pub. L. No. 103-394, courts were divided over the question of whether a bankruptcy court could conduct a jury trial. *Cf. Ben Cooper, Inc. v. The Insurance Company of the State of Pennsylvania (In re Ben Cooper, Inc.)*, 896 F.2d 1394 (2nd Cir. 1990) (bankruptcy court can conduct jury trial) *with In re United Missouri Bank of Kansas City, N.a.*, 901 F.2d 1149 (8th Cir. 1990) (bankruptcy court cannot

---

[4] The Successor Trustee may attempt to argue that the Fay Trust was in actuality a testamentary trust and therefore property of the estate under section 541(a)(5)(A). Section 541(a)(5)(A) provides that upon the commencement of a case under bankruptcy, an estate is created that is comprised of

> "(5) [a]ny interest in property that would have been property of the estate if such interest had been an interest of the debtor on the date of the filing of the petition, and that the debtor acquires or becomes entitled to acquire within 180 days after such date--(A) by bequest, devise, or inheritance; ...."

11 U.S.C. § 541(a)(5)(A). As Mrs. Block's death was well beyond the 180-day period, this argument has no merit.

conduct jury trial). The Bankruptcy Reform Act of 1994 resolved the conflict by adding subsection (e) to 28 U.S.C. §157 which provides:

> If the right to a jury trial applies in a proceeding that may be heard under this section by a bankruptcy judge, the bankruptcy judge may conduct the jury trial if specifically designated to exercise such jurisdiction by the district court and *with the express consent of all the parties.*

18 U.S.C. §157(e) (emphasis added).

Pursuant to the foregoing provision, it is uniformly recognized that "[a] bankruptcy court cannot conduct a jury trial without the express consent of all the parties." *Holcomb v. Norwest Financial, Inc.*, 217 B.R. 239, 241 (N.D. Ill. 1998). Thus, if a bankruptcy litigant entitled to a jury trial refuses to consent to a trial before the bankruptcy court, the action must be tried before a jury in district court. *Id.; Spence v. Southern Mortgage Company*, 276 B.R. 149, 155 (Bankr. N.D. Miss. 2001).

The Defendants have not consented – and do not consent – to having the adversary proceeding tried before a jury in the Bankruptcy Court.[5] *Cf.* Fed. R. Bankr. P. 9015(b) (providing that parties wishing to consent to a jury trial in bankruptcy court must file a "statement of consent" with the bankruptcy court). Moreover, the Bankruptcy Judges in this District have not been specifically designated to conduct jury trials. Thus, even if the Defendants were willing to consent to have the adversary proceeding tried by a jury before the Bankruptcy Court (which they are not), the Bankruptcy Court would not have authority to preside over a jury trial. Thus, in accordance with the provisions of 28 U.S.C. §157(e), the Action must be tried in the District Court.

---

[5] The Debtor, as Debtor, may have acquiesced to waiving his right to demand a jury trial by seeking protection of the bankruptcy court. However, the Debtor as co-trustee of the Fay Trust and Defendant Robert Block have not acquiesced or consented to a jury trial.

**Jury Trial Is Additional Cause For Withdrawing The Reference**

Generally, most courts maintain that there is sufficient cause to withdraw the reference when a bankruptcy litigant duly demands a jury trial and the bankruptcy court lacks authority under 28 U.S.C. §157(e) to conduct a jury trial (because it has not been specifically designated to do so by the district court and/or because not all of the parties have consented to having the action tried before the bankruptcy court). *See, e.g., Northwestern Institute of Psychiatry, Inc. v. The Travelers Indemnity Company*, 272 B.R. 104, 111-2 (E.D. Pa. 2001) (granting withdrawal of reference where Travelers filed its Answer with a Jury Demand and pled that it did not consent to a jury trial conducted in the bankruptcy court); *Collier on Bankruptcy*, ¶3.04[1][c] at 3-57, n.3 (15th Rev. Ed. 2001) ("it has been held that the inability of a bankruptcy court to hold a jury trial without the parties' consent is grounds for withdrawing the reference."). As the court explained in *NDEP Corporation v. Handl-It, Inc. (In re NDEP Corporation)*, 203 B.R. 905 (D. Del. 1996), "[b]ecause the parties have not expressly allowed the bankruptcy court to hold a jury trial in this adversary proceeding and because this court has not made a special designation of jurisdiction, the bankruptcy court is not statutorily empowered to hold a jury trial in this matter. *For this reason alone withdrawal is compelled.*" *NDEP Corporation*, 203 B.R. at 94 (emphasis added). For this additional reason, the Court should withdraw the reference from the Bankruptcy Court.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

**Conclusion**

The Defendants have demonstrated a compelling case in favor of withdrawing the reference to the Bankruptcy Court. The Successor Trustee cannot bring a turnover action as the interests in the Fay Trust are disputed. The question of whether the property in the Fay Trust is property of the estate is a state law question for which the District Court is substantially better positioned to decide. Moreover, the Defendants are entitled to a jury trial.

RESPECTFULLY SUBMITTED
DEFENDANTS
By their Attorneys

/s/ William J. Delaney

Dated: July 3, 2005

William J. Delaney #3643
Tillinghast Licht, LLP
Ten Weybosset Street
Suite 1000
Providence, RI 02903
(401) 456-1200; (401) 456-1210 (fax)

CERTIFICATION

I hereby certify that a true copy of the within was sent electronically via CM/ECF to Thomas E. Carlotto, Esq. and Mark G. DeGiacomo, Esq. on this 3rd day of July, 2005.

/s/William J. Delaney