UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| In re:<br><br>STEPHEN D. BLOCK,<br><br>Debtor. | CHAPTER 7<br>CASE NO. 96-11813 |
| MARK G. DEGIACOMO, CHAPTER 7 TRUSTEE OF THE ESTATE OF STEPHEN D. BLOCK,<br><br>Plaintiff,<br><br>v.<br>STEPHEN D. BLOCK, individually and as Trustee of the Fay B. Block Trust, ROBERT BLOCK, as Trustee of the Fay B. Block Trust, MERRILL LYNCH & CO., INC.<br><br>Defendants. | ADVERSARY PROCEEDING<br>NO. 05-01023-ANV<br><br>[redacted] 05 318 ML |

**OBJECTION OF CHAPTER 7 TRUSTEE TO MOTION OF STEPHEN D. BLOCK AND ROBERT BLOCK FOR WITHDRAWAL OF THE REFERENCE <u>UNDER 28 U.S.C. § 157(d) AND FED. R. BANKR. P. 5011</u>**

Mark G. DeGiacomo, Chapter 7 Trustee (the "Trustee") for the estate of Stephen D. Block (the "Debtor") objects to the Defendants' Motion for Withdrawal of the Reference Under 28 U.S.C. § 157(d) and Fed. R. Bankr. P. 5011. In support of his Objection, the Trustee states that Defendants have failed to meet their burden of proof for withdrawal under 28 U.S.C. § 157(d) in that the Defendants have failed to establish that "cause" exists for discretionary withdrawal of the Trustee's Adversary Proceeding, which is brought pursuant to 11 U.S.C. § 542 in order to recover property of the estate held by the Debtor or by the Fay B. Block Trust or Merrill Lynch on the Debtor's behalf.

Specifically, because the Trustee's claims are core proceedings, judicial economy and uniformity of bankruptcy administration require that the Bankruptcy Court adjudicate the adversary proceeding. Further, Defendants have no right to a jury trial of the Trustee's turnover action, nor have they timely or properly made any claim to any such jury trial. The other relevant factors for this Court's consideration, such as the policy goals of reducing forum shopping, conserving debtor and creditor resources and expediting the bankruptcy process, also favor adjudication of the Adversary Proceeding by the Bankruptcy Court. Finally, the Trustee states that Defendants' laches argument is misplaced within its Motion to Withdraw the Reference and should be stricken.

In further support of his Objection, the Trustee has filed a Memorandum of Law contemporaneously herewith. For the reasons set forth above and in the accompanying Memorandum, the Trustee respectfully requests that the Court enter an Order denying Defendants' Motion for Withdrawal of the Reference Under 28 U.S.C. § 157(d) and Fed. R. Bankr. P. 5011.

Respectfully submitted,

MARK G. DEGIACOMO, CHAPTER 7
TRUSTEE OF THE ESTATE OF
STEPHEN D. BLOCK,
By his attorneys,

/s/ Olga L. Bogdanov
Mark G. DeGiacomo, Esq. (BBO# 118170)
Olga L. Bogdanov, Esq. (BBO# 644879)
Murtha Cullina LLP
99 High Street
Boston, MA 02110
(617) 457-4000 Telephone
(617) 482-3868 Facsimile

Local Counsel
Shechtman Halperin Savage, LLP

/s/ Thomas E. Carlotto (w/permission OLB)
Thomas E. Carlotto #6088
86 Weybosset Street
Providence, RI 02903
(401) 272-1400
(401) 272-1403

Dated: July 18, 2005

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| In re:<br><br>STEPHEN D. BLOCK,<br><br>Debtor. | CHAPTER 7<br>CASE NO. 96-11813 |
| MARK G. DEGIACOMO, CHAPTER 7 TRUSTEE OF THE ESTATE OF STEPHEN D. BLOCK,<br><br>Plaintiff,<br>v.<br>STEPHEN D. BLOCK, individually and as Trustee of the Fay B. Block Trust, ROBERT BLOCK, as Trustee of the Fay B. Block Trust, MERRILL LYNCH & CO., INC.<br><br>Defendants. | ADVERSARY PROCEEDING<br>NO. 05-01023-ANV |

**MEMORANDUM IN SUPPORT OF OBJECTION OF CHAPTER 7 TRUSTEE TO MOTION OF STEPHEN D. BLOCK AND ROBERT BLOCK FOR WITHDRAWAL OF THE REFERENCE UNDER 28 U.S.C. § 157(d) AND FED. R. BANKR. P. 5011**

Mark G. DeGiacomo, Chapter 7 Trustee (the "Trustee") for the estate of Stephen D. Block (the "Debtor") hereby submits this Memorandum in Support of his Objection to the Defendants' Motion for Withdrawal of the Reference Under 28 U.S.C. § 157(d) and Fed. R. Bankr. P. 5011. As grounds for his Objection, the Trustee states that Defendants have failed to meet their burden of proof for withdrawal under 28 U.S.C. § 157(d) in that the Defendants have failed to establish that "cause" exists for discretionary withdrawal of the Trustee's Adversary Proceeding, which is brought pursuant to 11 U.S.C. § 542 in order to recover property of the estate held by the Debtor or by the Fay B. Block Trust or Merrill Lynch on the Debtor's behalf.

## I. FACTUAL BACKGROUND

On April 13, 1992, Fay B. Block ("Mrs. Block"), the mother of the Debtor and Defendant Robert Block ("Robert"), established the Fay B. Block Trust (the "Fay Trust" or the "Trust") by executing a Declaration of Trust of Fay B. Block. Prior to June of 1996, Mrs. Block executed four amendments to the Fay Trust. Mrs. Block was the original Trustee of the Fay Trust, and the Debtor, Robert and Lesley D. Zucherman, the Debtor's sister, each originally held a one-third beneficial interest in the Fay Trust.

On June 5, 1996, the Debtor filed a voluntary petition pursuant to Chapter 7 of the Bankruptcy Code (the "Petition Date"). As of the Petition Date, the corpus of the Fay Trust consisted of real estate and a brokerage account at Merrill Lynch and the Debtor held a one-third beneficial interest in the Fay Trust.

On June 19, 1996, two weeks after the Petition Date, Mrs. Block executed the Fifth Amendment To Living Trust Agreement (the "Fifth Amendment") which purported to amend the Fay Trust. Pursuant to the Fifth Amendment, the following spendthrift language was incorporated into the Fay Trust:

> The interest of any beneficiary in the Trusts established hereunder shall not be anticipated, alienated, assigned, pledged or promised by such beneficiary. The interest of any beneficiary in the Trusts shall not be subject to any bankruptcy proceeding or to the control of creditors.

On January 25, 1998, Fay Block died. Pursuant to the terms of the Fay Trust, upon Mrs. Block's death, the Debtor and Robert became the co-trustees of the Fay Trust. The terms of the Fay Trust provide that the Trustees are to pay over to Robert his one third share of the corpus of the Trust upon Mrs. Block's death and the remaining trust assets are to remain in trust for the equal benefit of the Debtor and his sister. Pursuant to the Second Amendment to the Fay Trust,

Robert B. Block is to serve as an "Independent Trustee." The Independent Trustee has the sole and uncontrolled discretion to transfer the principal of the Fay Trust to the Debtor in such proportions and amounts as the Independent Trustee deems necessary and advisable.

Robert has not acted as an Independent Trustee as required by the terms of the Fay Trust. Instead, the Debtor has had unrestricted access to the assets of the Fay Trust for his personal use. During the Rule 2004 Examination that the Trustee conducted of the Debtor, the Debtor testified that he wrote checks made payable to himself out of the Fay Trust on an as needed basis. The Debtor also testified that he has withdrawn approximately ten or fifteen thousand dollars from the Trust. Finally, Robert has acknowledged that he has had no involvement in administering the assets of the Trust and that he has done nothing to control or restrict the Debtor's access to the Trust's assets.

The Trust currently holds title to the following assets: real estate located at 5-7 Gordon Street, Cranston, Rhode Island, real estate located at 40 Westwood Avenue, Cranston, Rhode Island and various stocks and bonds (the "Assets"). The stocks and bonds are held by the Fay Trust through a brokerage account at Merrill Lynch. The total value of the stocks and bonds owned by the Fay Trust is in excess of $1 million. As Robert received payment of his entire beneficial interest in the Trust shortly after his mother's death, the Debtor and his sister now each hold a 50% beneficial interest in the Trust Assets.

Although the Trust purports to be a "spendthrift trust," the Debtor's unfettered access to the Trust and disregard for trust formalities related thereto invalidates the spendthrift provision of the Trust. Moreover, the spendthrift provision was not in effect as of the Petition Date. Since the Fay Trust does not qualify as a spendthrift trust, the Debtor's fifty percent (50%) beneficial interest in the Fay Trust was property of the bankruptcy estate on the Petition Date and remains

property of the bankruptcy estate which may be recovered by the Trustee. The total amount of creditor claims filed in the Debtor's estate is approximately $3,950,000. The existing assets are insufficient to satisfy allowed creditor claims.

On July 15, 2004, Marc D. Wallick, who had originally been appointed as Chapter 7 Trustee, resigned as Trustee. On July 15, 2004, the Plaintiff was appointed as the Successor Chapter 7 Trustee of this bankruptcy estate. On April 7, 2005, the Trustee filed the Adversary Proceeding that is the subject of the instant Motion. In his Adversary Complaint, the Trustee asserted, pursuant to Section 542 of the Bankruptcy Code, that he was entitled to turnover of the Debtor's fifty percent (50%) interest in the Trust because said beneficial interest constitutes property of the Debtor's bankruptcy estate.

Defendants Stephen and Robert Block, as co-trustees of the Trust, filed an Answer to the Trustee's Adversary Complaint on May 19, 2005 with the Bankruptcy Court. Defendants' counsel thereafter engaged in discussions with the Trustee's counsel regarding the preparation and filing of a Joint Discovery Plan pursuant to the order of the Bankruptcy Court. Despite their previous voluntary participation in this matter in the Bankruptcy Court, Defendants now seek to have this Court withdraw the reference of the Adversary Proceeding and transfer the case for trial to the United States District Court for the District of Rhode Island. For the reasons that follow, Defendants' Motion should be denied and the Adversary Proceeding should remain in the Bankruptcy Court.

## II. ARGUMENT

The district courts have original, but not exclusive, jurisdiction over all civil proceedings arising under the Bankruptcy Code, or arising in or related to cases under the Bankruptcy Code. 28 U.S.C. § 1334(b). Each district court, however, may provide that such proceedings shall be

"referred the bankruptcy judges for the district." 28 U.S.C. § 157(a). In the District of Rhode Island, all such proceedings are automatically referred to the Bankruptcy Court pursuant to Local Rule 53(c). A party may request by Motion pursuant to 28 U.S.C. § 157(d) that reference be withdrawn. For the reasons set forth below, however, withdrawal of the reference in this case is neither necessary nor appropriate. The court should therefore deny defendants' Motion to Withdraw the Adversary Proceeding.

**A. Defendants Have Not Shown That Cause Exists For Discretionary Withdrawal of the Reference.**

28 U.S.C. § 157(d) governs discretionary withdrawal of the reference. Section 157(d) provides in relevant part:

> (d) The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown…

A party that seeks to withdraw the reference bears the burden of demonstrating that cause exists for discretionary withdrawal. See United States v. Kaplan, 146 B.R. 500, 503 (D. Mass. 1992). In determining whether cause exists for discretionary withdrawal, the Court must consider whether the following factors balance in favor of the District Court, rather than the Bankruptcy Court, in adjudicating the Adversary Proceeding:

(1) judicial economy;

(2) whether withdrawal would promote uniformity of bankruptcy administration;

(3) reduction of forum shopping and confusion;

(4) conservation of debtor and creditor resources;

(5) expedition of the bankruptcy process; and

(6) whether a jury trial has been requested.

Id., citing Holland America Ins. Co. v. Succession of Roy, 777 F.2d 992, 999 (5th Cir. 1985). See also Orion Pictures Corp. v. Showtime Networks, Inc. (In re: Orion Pictures Corp.), 4 F.3d 1095, 1101 (2nd Cir. 1993). Discretionary withdrawal is a narrow exception to the general rule that bankruptcy proceedings should be adjudicated in the bankruptcy court. Kaplan, 146 B. R. at 504 (withdrawal requires a "clear showing of cause"). Here, all the factors weigh in favor of the Adversary Proceeding being adjudicated by the Bankruptcy Court.

**1. Because the Trustee's Claims are Core Proceedings, Judicial Economy and Uniformity of Bankruptcy Administration Require That the Bankruptcy Court Adjudicate the Adversary Proceeding.**

In determining "judicial economy" and "uniformity of bankruptcy administration," the Court must consider first whether the proceeding in question is core or non-core. Orion Pictures, 4 F.3d at 1101 ("a district court considering whether to withdraw the reference should first evaluate whether the claim is core or non-core, since it is upon that issue that questions of efficiency and uniformity will turn"). Whether the claim is core or non-core is the "most important" factor. Official Committee of Unsecured Creditors v. Lay (In re: Enron Corp.), 295 B.R. 21, 25 (S.D.N.Y. 2003), citing In re: Burger Boys, Inc., 94 F.3d 755, 762 (2nd Cir. 1996). In core bankruptcy proceedings the judicial economy and uniformity factors favor the bankruptcy court because "hearing core matters in a district court could be an inefficient allocation of judicial resources given that the bankruptcy court generally will be more familiar with the facts and issues." Growe v. Bilodard, Inc., 2005 U.S. Dist. LEXIS 9537 at *6 (D. Me. 2005) citing Orion Pictures, 4 F.3d at 1101. Moreover, the bankruptcy court can use its considerable expertise to ensure the uniform administration of the Bankruptcy Code in core proceedings. In re: Magnesium Corporation of America, 2004 U.S. Dist. LEXIS 9389, at *5-6 (S.D.N.Y. 2004).

Here, it is indisputable that the Trustee's claims for turnover in the Adversary Proceeding are core proceedings. Defendants have admitted as much in their Memorandum in support of the Motion to Withdraw the Reference, in which they state: "[u]ndeniably, an action for turnover is a core action." Defendants' Memorandum, p. 8. Defendants' concession is necessary given the clear language of 28 U.S.C. § 157(b)(2)(E): "Core proceedings include . . . (E) orders to turn over property of the estate . . ."

Despite their concession that turnover actions constitute core proceedings, Defendants attempt to argue that this particular action is not a core proceeding because there is a dispute between the parties as to the "underlying debt." Defendants' Memorandum, p. 8-9. In support of this contention, Defendants rely on numerous cases in which courts have discussed whether turnover actions brought pursuant to **Section 542(b)**, which addresses turnover of matured debts which are payable to the debtor on demand, will be deemed core if there is a dispute as to the amount of the underlying debt. See, e.g., N. Parent, Inc. v. Cotter & Co. (In re N. Parent, Inc.), 221 B.R. 609, 626 (Bankr. D. Mass. 1998).

In light of their citation to case law interpreting Section 542(b), it is apparent that Defendants misapprehend the nature of the Trustee's turnover action. Contrary to the Defendants' belief, the Trustee is not bringing an action pursuant to Section 542(b) for turnover of a debt owed to the estate, which is matured or payable on demand. Instead, the Trustee is proceeding under **Section 542(a)**, which permits him to recover property of the estate that is in the possession of the Defendants. Therefore, the cases cited by the Defendants and the analysis of what constitutes a proper turnover action under Section 542(b) contained in those cases, are inapposite to the matter before this Court and should be disregarded in their entirety.

Because this is a turnover proceeding under Section 542(a), and not Section 542(b), the Defendants are therefore left to argue only that, in this particular instance, the Trustee's turnover action is not a core proceeding because the Debtor's interest in the Trust was not "property of the estate" as of the Petition Date. This argument is unavailing, however. Section 541(a)(1) of the Bankruptcy Code provides, with limited exceptions not applicable here[1], that "all legal or equitable interests of the debtor in property as of the commencement of the case" become part of the estate.

Courts interpreting Section 541 have repeatedly determined that interests in trusts, including contingent interests, are included within the estate property. See Potter v. Drewes (In re Potter), 228 B.R. 422, 424 (B.A.P. 8th Cir. 1999)(every right of the debtor under a trust, including contingent interests, becomes property of the estate); Yellin v. Gilroy (In re Gilroy), 235 B.R. 512, 519 (Bankr. D. Mass. 1999)(Debtor's beneficial interest in a subtrust of a revocable trust, and rights as to the corpus of that trust, deemed assets of the bankruptcy estate); Spenlinhauer v. Spencer Press, Inc. (In re Spenlinhauer), 195 B.R. 543, 548 (Bankr. D. Me. 1996) (affirming decision of bankruptcy court declaring that where spendthrift provision was invalid, Debtor's beneficial interest in trust was property of estate).

Finally, the Bankruptcy Court for the District of Rhode Island (Votolato, J.) itself has previously ruled that, absent a valid spendthrift provision, a debtor's beneficial interest in trust

---

[1] For example, the Debtor's beneficial interest in a valid spendthrift trust would be excluded from the bankruptcy estate under Section 541(c)(2) of the Code, which states: "A restriction on the transfer of a beneficial interest of the debtor in a trust that is enforceable under applicable nonbankruptcy law is enforceable in a case under this title." 11 U.S.C. § 541(c)(2); See Richardson v. McCullough (In re McCullough), 259 B.R. 509, 516-517 (Bankr. D.R.I., 2001). This exception to the inclusion of trust assets in the Debtor's estate is inapplicable here, however, because the Fay Trust was not a valid spendthrift trust. As is evident from the Debtor's and his brother, Robert's testimony at their Rule 2004 Examinations, the Debtor exercised complete control over the Trust Assets after his mother's death. See Id. at 518 (spendthrift trust was invalid in light of Debtor's "blatant and unfettered domination and control over the Trust assets"). Moreover, the spendthrift provision in the Trust was not adopted until two weeks after the Petition Date. Therefore, as of the Petition Date, when the Debtor's interest in the Trust became property of the estate, there was no spendthrift provision in the Trust.

assets becomes property of the bankruptcy estate. See Richardson v. McCullough (In re McCullough), 259 B.R. 509, 523 (Bankr. D.R.I., 2001) As Judge Votolato acknowledged in McCullough, when determining whether a Debtor's interest in a trust is property of the estate, the Court "must also keep in mind an important policy of the Bankruptcy Code. It is the policy of the Code to enlarge the bankruptcy estate to the extent possible under the Code in an effort to provide creditors with the distribution to which they are entitled." Id. at 518.

Because the Debtor's contingent interest in the Trust Assets became property of the estate as of the date of the bankruptcy filing, the value of that interest should be made available for distribution to the Debtor's creditors. The Trustee's action for turnover of the Trust property which Merrill Lynch and the Trustees hold for the Debtor's benefit is therefore not only appropriate but required under the Code. See 11 U.S.C. § 704(1)("The trustee shall – (1) collect and reduce to money the property of the estate").

Because the Trustee's turnover claim in the Adversary Proceeding falls within the list of core proceedings set forth in 28 U.S.C. § 157(b)(2), because the claims are unique to the bankruptcy proceeding, and affect a core bankruptcy function, and because the interests of judicial economy will not be served by withdrawal of the reference, discretionary withdrawal of the reference is not appropriate in this case. Accordingly, this Court should deny Defendants' Motion to Withdraw the Reference and allow the Bankruptcy Court to continue to preside over the Trustee's Adversary Proceeding for turnover of the Debtor's share of the Trust Assets.

2. **Defendants have no right to a jury trial of the Trustee's turnover action, nor have they timely or properly made any claim to any such jury trial.**

In their Memorandum in Support of their Motion to Withdraw the Reference, Defendants, for the first time, appear to attempt to claim the right to a jury trial with respect to the claims

asserted by the Trustee in the Adversary Complaint. As an initial matter, this attempt is unavailing because there is no such right to a jury trial in a turnover action brought pursuant to Section 542 of the Bankruptcy Code. It is well-established that turnover actions are equitable in nature. See Walker v. Weese, 286 B.R. 294, 299 (D. Md. 2002)("Commanding turnover is at the very root of the bankruptcy court's equitable powers."); Welt v. Leshin (In re Warmus), 252 B.R. 584, 587(Bankr. D. Fla., 2000). Because the relief the Trustee seeks in his turnover action is equitable in nature, the Defendants are not entitled to a jury trial on the claims raised in the Adversary Complaint. See Welt, 252 B.R. at 587.

Since Defendants have no right to a jury trial on the Trustee's turnover claims, this Court would be justified in denying the Motion on that basis alone. However, there exists an additional, equally compelling, reason to disregard Defendants' asserted claim to a jury right. Specifically, despite their reference to an alleged jury trial right in their Memorandum, Defendants have never timely or properly made any jury demand with respect to the Trustee's claims. As such, Defendants have waived any rights they may have had to a jury trial.

Bankruptcy Rule 9015 provides that Fed. R. Civ. P. 38 applies in cases and proceedings brought under the bankruptcy code. Bankr. R. 9015(a). Rule 7008-1(a) of the United States Bankruptcy Court for the District of Rhode Island also provides that "[i]n any case in which a party asserts a right to trial by jury, the jury trial demand shall be set forth in accordance with Fed. R. Civ. P. 38." Fed. R. Civ. P. 38(b) provides:

> Any party may demand a trial by jury of any issue triable of right by (1) serving upon the other party a demand therefore in writing at any time after the commencement of the action and not later than 10 days after the service of the last pleading directed to such issue, and (2) filing the demand as required by Rule 5(b). Such demand may be endorsed upon a pleading of the party.

Fed. R. Civ. P. 38(b) (emphasis added)

By any measure, Defendants' attempt to invoke any right they may have had to a jury trial is untimely. Defendants served their Answer to the Trustee's complaint on May 19, 2005. Defendants' Answer did not include any demand for a jury trial within it. Similarly, defendants did not serve upon any party, nor did they file with the Court, any separate document purporting to demand a jury trial within 10 days of their service of the answer to the complaint.[2] As such, Defendants are procedurally barred from attempting to demand a jury trial in this matter. See Bankr. R. 9015(a); Fed. Civ. P. 38(b). Because defendants have waived any right to a jury trial that they may have had, there is no basis for the District Court to withdraw the reference of this case to the Bankruptcy Court. The Defendants' motion should therefore be denied.

### 3. All Other Factors Favor Adjudication of the Adversary Proceeding by the Bankruptcy Court

Consideration of the remaining Holland America factors weighs in favor of not withdrawing the reference. Specifically, permitting the Bankruptcy Court to proceed with the Adversary Proceeding will promote uniformity of bankruptcy administration, discourage forum shopping, conserve debtor and creditor resources and expedite the bankruptcy process. This conclusion is particularly warranted since Defendants have not even presented any argument to the contrary with regard to these factors.

Where proceedings are determined to be core, courts generally find that leaving the proceeding in the bankruptcy court will further the policy of promoting "uniformity of bankruptcy administration." Official Committee of Unsecured Creditors v. TSG Equity Fund L.P. (In re: Envisionet Computer Services, Inc.), 276 B.R. 1, 5 (D. Me. 2002), see also Official

[2] Curiously, in their Memorandum, Defendants completely ignore the fact that they never filed a jury demand in accordance with Rule 38. Instead, they argue that because they have not consented to a jury trial in the Bankruptcy Court pursuant to Fed. R. Bankr. P. 9015(b), this case must be tried before a jury in the District Court. As set forth above, however, Defendants' lack of consent is irrelevant at this point because Defendants never timely or properly made any claim for a jury trial on the turnover complaint in any venue.

Committee of Unsecured Creditors v. Motorola, Inc. (In re: Irdium Operating LLC), 285 B.R. 822, 835 (S.D.N.Y. 2002) ("the consistent administration of bankruptcy law would be best served by the bankruptcy court adjudicating the adversary proceeding, especially when the adversary proceeding includes five traditionally core [proceedings]..."). Many courts reach this conclusion because the goal of obtaining uniformity of bankruptcy proceedings is embodied in both the Bankruptcy Code and in Congress's decision to vest bankruptcy court judges with the power and authority to enter final orders and judgments in core proceedings. See 28 U.S.C. 157(b); see also In re: Irdium Operating LLC, 285 B.R. at 835; Braniff Airways, Inc. v. United Airlines, Inc. (In re: Braniff Airways, Inc.), 33 B.R. 33, 34 (Bankr. N.D Tex. 1983) ("[w]ith the enactment of the Bankruptcy Code in 1978, Congress created a comprehensive framework to deal with the specialized area of bankruptcy problems, intending to centralize all disputes concerning such matters in the Bankruptcy Court..."). Uniformity of bankruptcy administration requires that the Adversary Proceeding proceed in the Bankruptcy Court "in which a specialized corps of full-time bankruptcy judges [are available to] assist district court judges in adjudicating bankruptcy matters..." Vickers Associates, Ltd. v. Urice (In re: Jaritz Industries, Ltd.) 151 F.3d 93, 98 (3rd Cir. 1998) citing Northern Pipeline Construction Co. v. Marathon Pipeline, 458 U.S. 50 (1982). Because the Trustee's turnover action pursuant to Section 542 is a core proceeding, the policy factor of uniform bankruptcy administration weighs in favor of adjudicating the Adversary Proceeding in the Bankruptcy Court.

Proceeding with the Adversary Proceeding in the Bankruptcy Court will also discourage forum shopping. The Trustee asserted the claims in the Bankruptcy Court because the Bankruptcy Court is the appropriate forum to adjudicate such claims and because the Debtor is undeniably subject to the Bankruptcy Court's jurisdiction. Notwithstanding the fact that the

Debtor initially chose the Bankruptcy Court as an acceptable forum when he sought protection under Chapter 7, he now seeks an alternative forum to hear the turnover action. As set forth above, however, the turnover action is undeniably a core proceeding and therefore should remain in the Bankruptcy Court.

Proceeding in the Bankruptcy Court is also the best way to conserve debtor and creditor resources. Proceeding with core proceedings in the District Court would be an inefficient use of judicial resources given that the Bankruptcy Court: (1) holds hearings on these types of core proceedings more frequently; (2) maintains an efficient management system for such matters; (3) is familiar with the procedural history and the facts relating to the Debtor, and (4) is well-versed in the specialized bankruptcy principles at issue in the claims. See In re: Enron Corp., 295 B.R. at 26. Therefore, the creditor and debtor resources are best conserved by adjudicating the Adversary Proceeding in the Bankruptcy Court. Accordingly, the policy factor of conserving debtor and creditor resources weighs in favor of the Bankruptcy Court.

Finally, proceeding in the Bankruptcy Court will expedite the bankruptcy process. The Bankruptcy Court has been overseeing the Debtor's case for nine years, since it was filed in 1996. The Bankruptcy Court's extensive knowledge of the proceedings surrounding the Debtor's estate will eliminate the need for a new judge to familiarize himself or herself with the procedural history and the potential impact of this action on the bankruptcy estate. The policy factor of expediting the bankruptcy process favors adjudicating the Adversary Proceeding in the Bankruptcy Court. See Executive Risk Indemnity, Inc. v. Brooks (In re Jackson Brook Institute, Inc.), 280 B.R. 779 ("withdrawal of the reference of the [proceeding] in the context of the longstanding bankruptcy case, with whose facts the bankruptcy judge is infinitely more familiar, would waste resources and would not expedite the bankruptcy process"). Because Defendants

have failed to meet their burden of demonstrating that cause exists for discretionary withdrawal of the reference and because all relevant factors weigh in favor adjudication of this claim in the Bankruptcy Court, this Court should deny the Motion.

**B. Defendants' Laches Argument is Misplaced Within its Motion to Withdraw the Reference and Should be Stricken.**

Defendants argue that the Trustee's Adversary Proceeding is barred by the doctrine of laches.[3] Laches is an equitable defense to the Trustee's turnover claim, which claim itself is equitable in nature. See Walker, 286 B.R. at 299. The Trustee denies that his claims are barred by laches (or by any other legal or equitable principle).[4] However, this is an issue that must be determined at a trial on the merits of the Trustee's claim. It is entirely inappropriate for the Defendants to raise this issue at this point of the proceedings and in the context of their Motion for Withdrawal of the Reference.

Indeed, as the Trustee has set forth above, and as Defendants acknowledge in their Memorandum (p. 7), for purposes of determining whether cause exists for withdrawal of the reference, this Court must analyze the nature of the claims in light of the Holland America factors. None of those factors requires consideration of equitable defenses to be raised by a defendant in a bankruptcy court action. Therefore, this Court should reject the Defendants' attempt to confuse the analysis required here and should strike or, at a minimum, should not consider, the laches argument that Defendants have inappropriately raised in their Memorandum.

---

[3] The Trustee believes that the manner in which Defendants opened the "Argument" section of their Brief with a lengthy recitation of what will presumably be one of their principal defenses – i.e., laches – to the Trustee's turnover action highlights the fact that there is no cause for withdrawal of this matter and that Defendants are prepared to attempt to defend this action in the Bankruptcy Court.

[4] For example, with respect to Defendants' argument that the Trustee has not timely brought this action under any "analogous" statute of limitations, the Trustee notes, for the Court's information, that the Bankruptcy Code does not impose any statute of limitations on turnover claims arising under § 542. See State St. Houses, Inc. v. N.Y. State Urban Dev. Corp. (In re State St. Assocs., L.P.), 323 B.R. 544, 554 (Bankr. D.N.Y. 2005).

## III. CONCLUSION

For the reasons set forth above, the Trustee respectfully requests that the Court enter an Order denying Defendants' Motion for Withdrawal of the Reference Under 28 U.S.C. § 157(d) and Fed. R. Bankr. P. 5011.

Respectfully submitted,

MARK G. DEGIACOMO, CHAPTER 7
TRUSTEE OF THE ESTATE OF
STEPHEN D. BLOCK,
By his attorneys,

/s/ Olga L. Bogdanov
Mark G. DeGiacomo, Esq. (BBO# 118170)
Olga L. Bogdanov, Esq. (BBO# 644879)
Murtha Cullina LLP
99 High Street
Boston, MA 02110
(617) 457-4000 Telephone
(617) 482-3868 Facsimile

Local Counsel
Shechtman Halperin Savage, LLP

/s/ Thomas E. Carlotto (w/permission OLB)
Thomas E. Carlotto #6088
86 Weybosset Street
Providence, RI 02903
(401) 272-1400
(401) 272-1403

Dated: July 18, 2005

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| In re:<br><br>STEPHEN D. BLOCK,<br><br>Debtor. | ) | CHAPTER 7<br>CASE NO. 96-11813-ANV |
| MARK G. DEGIACOMO, CHAPTER 7 TRUSTEE OF THE ESTATE OF STEPHEN D. BLOCK,<br><br>Plaintiff,<br>v.<br>STEPHEN D. BLOCK, individually and as Trustee of the Fay B. Block Trust, ROBERT BLOCK, as Trustee of the Fay B. Block Trust, MERRILL LYNCH & CO., INC.<br><br>Defendants. | ) | ADVERSARY PROCEEDING<br>NO. 05- 01023-ANV |

**CERTIFICATE OF SERVICE**

I, Olga L. Bogdanov, hereby certify that on the 18th day of July, 2005, I served copies of ***(1)*** **Objection of Chapter 7 Trustee to Motion of Stephen D. Block and Robert Block for Withdrawal of the Reference Under 28 U.S.C. § 157(D) and Fed. R. Bankr. P. 5011*;*** ***(2)*** **Memorandum in Support of Objection of Chapter 7 Trustee to Motion of Stephen D. Block and Robert Block for Withdrawal of the Reference Under 28 U.S.C. § 157(D) and Fed. R. Bankr. P. 5011**, by first-class mail, postage prepaid upon the parties listed on the attached service list.

/s/ Olga L. Bogdanov
Mark G. DeGiacomo, Esq. (BBO# 118170)
Olga L. Bogdanov, Esq. (BBO# 644879)
Murtha Cullina LLP
99 High Street
Boston, MA 02110
(617) 457-4000 Tel.; (617) 482-3868 Fax

/s/ Thomas E. Carlotto (w/permission OLB)
Thomas E. Carlotto #6088
86 Weybosset Street
Providence, RI 02903
(401) 272-1400 Tel; (401) 272-1403 Fax

**Leonard DePasquale**
US Trustee's Office
Room 910
10 Dorrance Street
Providence, RI 02903

Robert Block
291 Spring Street
Hopkinton, Rhode Island

Stephen D. Block
5 Gordon Street
Cranston, Rhode Island

Joseph M. Codega, Esq.
Fitzhugh, Parker & Alvaro LLP
571 Pontiac Avenue
Cranston, Rhode Island 02910

William J. Delaney, Esq.
Tillinghast Licht LLP
Ten Weybosset Street
Providence, RI 02903-1210

David P. DeStefano, Esq.
400 Reservoir Avenue Suite LLG,
Providence, RI 02907

Charles Beal, Esq.
56 Exchange Terrace
Providence, Rhode Island 02903